THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| T.C., G.C., and L.C.,<br><br>                              Plaintiffs,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY and the EMERGENT BIOSOLUTIONS INC. BENEFIT PLAN,<br><br>                              Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 4:22-cv-00042<br><br>District Judge David Nuffer |

Plaintiffs T.C., G.C., and L.C. have asserted claims against Defendants Aetna Life Insurance Company ("Aetna") and the Emergent Biosolutions Inc. Benefit Plan (the "Plan") for recovery of benefits under the Employee Retirement Income Security Act ("ERISA") and for violating the Mental Health Parity and Addiction Equity Act ("MHPAEA").[1] Defendants seek dismissal of Plaintiffs' claims for lack of subject-matter jurisdiction and standing, alleging that G.C. and T.C. were improperly substituted for the original plaintiff, V.C., and that L.C. does not have standing because she did not pay for the treatment after benefits were denied.[2] Defendants' Motion to Dismiss is denied as to G.C. and L.C. because they have plausibly alleged that they have Article III and ERISA standing. The Motion to Dismiss is granted as to T.C. because she has not plausibly alleged that she has Article III or ERISA standing.

---

[1] Amended Complaint, docket no. 21, filed Jan. 23, 2023.

[2] Motion to Dismiss, docket no. 22, filed Feb. 22, 2023.

## BACKGROUND

Plaintiff L.C., together with her father, V.C., who is now deceased, originally filed this lawsuit,[3] asserting claims against Defendants for recovery of benefits under the Employee Retirement Income Security Act ("ERISA") and for violating the Mental Health Parity and Addiction Equity Act ("MHPAEA"). V.C. died after the complaint was filed, and the parties filed a Stipulated Notice of Death.[4] Plaintiffs then filed an Amended Complaint, again naming L.C. as a plaintiff, and naming new plaintiffs, T.C. and G.C.[5]

The parties then filed a Stipulated Motion to Extend Deadline for Defendants to Respond to Plaintiffs' Amended Complaint ("Stipulated Motion to Extend Deadline"), which sought an extension of time for Defendants to respond to the Amended Complaint.[6] The parties reported that an extension of time was needed while the parties attempted to address Defendants' concern that the Amended Complaint was not properly filed and did not validly substitute the parties in response to the Notice of Death that had been previously filed.[7] The court granted the motion.[8] Plaintiffs then filed a Stipulated Motion to Withdraw Plaintiffs' Amended Complaint and Vacate Deadline to Respond ('Stipulated Motion to Withdraw").[9] The Stipulated Motion to Withdraw requested that Plaintiffs be allowed to withdraw the previously filed Amended Complaint and to file a new Amended Complaint, "substituting Plaintiffs pursuant to Fed. R. Civ. P. 25(a)(1)," in

---

[3] Complaint, docket no. 2, filed Jun 24, 2022.

[4] Notice of Death, docket no. 11, filed Oct. 14, 2022.

[5] Amended Complaint, docket no. 15, which was later withdrawn per Order, docket no. 19.

[6] Stipulated Motion to Extend Deadline, docket no. 16, filed December 6, 2022.

[7] *Id*.

[8] Order, docket no. 17.

[9] Stipulated Motion to Withdraw, docket no. 18, filed Jan. 8, 2023.

addition to vacating the current deadline for Defendants to respond.[10] The proposed Amended Complaint was attached to the motion.[11] The Stipulated Motion noted that "Defendants expressly reserve any and all objections they may have to the substance of the amended complaint and any allegations therein, including threshold issues such as standing."[12] The court granted the motion.[13] Plaintiffs filed the new Amended Complaint, substituting T.C. and G.C. for the original plaintiff, V.C.[14]

Soon thereafter, Defendants filed the instant Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), mounting a facial challenge to subject-matter jurisdiction on the grounds that none of the three Plaintiffs has Article III standing to bring the claims and that Plaintiffs T.C. and G.C. also lack statutory standing under ERISA to bring the claims.[15]

### STANDARD OF REVIEW

A motion making a facial attack on subject-matter jurisdiction "assumes the allegations in the complaint are true and argues they fail to establish jurisdiction."[16] The standard of review for a 12(b)(1) motion is the same as the standard of review for a 12(b)(6) motion:[17] Dismissal is appropriate when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted,[18] and each cause of action must be supported by sufficient well-pleaded

---

[10] Stipulated Motion to Withdraw, docket no. 18, filed Jan. 6, 2023

[11] *Id.*, Ex. A.

[12] Id. at 2 n.2.

[13] Order, docket no. 19.

[14] Amended Complaint, docket no. 21.

[15] Motion to Dismiss, docket no. 22 at 1.

[16] *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020).

[17] *Garling v. EPA*, 849 F.3d 1289, 1293 n.3 (10th Cir. 2007).

[18] See *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

facts to be plausible on its face.[19] In reviewing either a 12(b)(1) or a 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiffs.[20]

In addition, ERISA has its own statutory standing requirements. To assert an ERISA claim for benefits or to enforce rights under the plan, the plaintiff must be either a "participant or beneficiary." 29 U.S.C. § 1132(a)(1). ERISA defines a participant as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). In contrast, a "beneficiary" in ERISA is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

## DISCUSSION

Defendants contend that the substitution of parties was invalid because none of the Plaintiffs has Article III standing, and T.C. and G.C. do not have ERISA standing. Article III standing requires that there be an "injury in fact" that is "fairly traceable" to the defendants' conduct and is redressable in the event the plaintiff prevails.[21] An "injury in fact" is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical."[22]

---

[19] See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[20] *Garling*, 849 F.3d at 1292.

[21] *Laufer v. Looper*, 22 F.4th 871, 876 (10th Cir. 2022) citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

[22] *Id*.

**G.C. plausibly has standing as the representative of V.C.'s estate**

In the Amended Complaint, Plaintiffs allege that "G.C. is the [decedent's] brother. G.C. is a representative of V.C.'s estate, the trustee responsible for V.C.'s trust, and was authorized by V.C. before V.C.'s passing to act on his behalf."[23] Additionally, Plaintiffs allege that "[a]mong the responsibilities G.C. was given as trustee was the ability to 'make distributions in cash or in kind, or partly in each' and to 'compromise, adjust and settle claims.'"[24]

Defendants characterize these allegations as legal conclusions rather than factual allegations and argue that, as legal conclusions, they need not be accepted as true.[25] However, whether G.C. represents V.C.'s estate is a question of fact and not a question of law, and Plaintiffs' assertions about G.C. give "reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support"[26] that he represents V.C.'s estate. When these factual allegations are accepted as true and viewed in the light most favorable to plaintiffs, G.C.'s status as representative of V.C.'s estate rises to the level of plausibility. Because G.C. makes sufficient factual assertions that he is the legal representative of V.C.'s estate, and Defendants do not dispute that V.C. had standing to bring this action, dismissal of G.C.'s claims is not appropriate at this time. Of course, G.C. ultimately will be required to prove with evidence that he is indeed the representative of V.C.'s estate, but that time is not now.

---

[23] Amended Complaint, docket no. 21 at ¶ 2.

[24] Amended Complaint docket no. 21 at ¶ 3.

[25] Motion to Dismiss, docket no. 22 at 2 n.1, 7.

[26] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

**T.C. has not alleged sufficient facts to support a plausible inference that she has standing**

Defendants argue that T.C. did not make sufficient factual allegations to make her status as V.C.'s representative plausible, and thus that T.C. does not have standing.[27] In the Amended Complaint, Plaintiffs state that "T.C. is L.C.'s mother," that V.C. was L.C.'s father, and that "[a]s V.C.'s living representatives, Plaintiffs are entitled to this recovery."[28] Defendants point out that the Amended Complaint does not specify whether T.C. and V.C. were ever married.[29] There are no allegations that T.C. ever paid those benefits or was otherwise legally responsible for them in any way. Similarly, there are no allegations that T.C. was a Plan participant or Plan beneficiary, let alone one entitled to be reimbursed for expenses paid on behalf of L.C., another plan beneficiary. Likewise, there are no factual allegations that would allow the Defendants or the Court to analyze whether it is even plausible for T.C. to ultimately receive the benefits of any recovery. There are no allegations about V.C. having a will or the contents of any will. Accordingly, because Plaintiffs have not pleaded any facts supporting T.C.'s status under the Plan or any plausible injury-in-fact, T.C. lacks both statutory and constitutional standing.[30]

**L.C. has alleged sufficient facts to support a plausible inference that she has standing**

Defendants do not dispute that L.C. was a plan beneficiary who was denied coverage and therefore has standing under ERISA.[31] Defendants, however, argue that L.C. does not have

---

[27] Motion to Dismiss, docket no. 21 at 5–6; Reply Memo, docket no. 26 at 5.

[28] Amended Complaint, docket no. 21 at ¶¶ 1, 5, 45.

[29] Reply Memo, docket no. 26 at 6.

[30] *See Michael W. v. United Behavioral Health*, 420 F. Supp. 3d 1207, 1219-20 (D. Utah 2019); *Wedekind v. United Behavioral Health*, 2008 WL 204474, at *4 (D. Utah Jan. 24, 2008).

[31] Amended Complaint, docket no. 21 at ¶ 5.

constitutional standing because there is no allegation that she paid for the services received or that she would receive a personal, concrete benefit from any of the equitable relief sought.[32] A reasonable inference can be made that as V.C.'s child, she would likely receive a benefit from any future damages award or equitable relief.  Moreover, Defendants have not cited any authority for the proposition that an ERISA beneficiary whose treatment coverage was denied lacks constitutional standing, and this court is not aware of any such authority. Thus, at this early stage of the litigation, L.C. plausibly has standing. To the extent Defendants argue that L.C. does not have standing to assert claims for equitable relief,[33] the argument was not raised in the original motion and thus the argument will not be considered.

## ORDER

IT IS HEREBY ORDERED that the Motion to Dismiss is DENIED as to G.C. and L.C., and it is GRANTED as to T.C. T.C. is therefore dismissed as a Plaintiff.

Signed this 29th day of September 2023.

BY THE COURT

David Nuffer
United States District Judge

---

[32] Reply Memo, docket no. 26 at 6.

[33] *Id*. at 6-7.